UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RUTH ESPERANCE, | 5:20-CIV-5055 |
| Plaintiff, | JURY INSTRUCTIONS |
| vs. | |
| THOMAS J. VILSACK, Secretary of Agriculture, U.S. Department of Agriculture, | |
| Defendant. | |

_Lawrence L. Piersol_
Judge
September 22, 2023

INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

INSTRUCTION NO. 2

As explained in my prior instructions, this is a civil case, brought by Ruth Esperance against her employer, the U.S. Department of Agriculture.

Plaintiff alleges that her employer discriminated against her on the basis of her gender.

Defendant denies plaintiff's allegations and asserts that employment decisions were based on legitimate nondiscriminatory reasons.

It will be your duty to decide from the evidence whether Ruth Esperance is entitled to a verdict against the defendant. From the evidence you will decide what the facts are. You are entitled to consider the evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way, reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

INSTRUCTION NO. 3

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Parties have a right – and sometimes a duty - to object when they believe something should not be part of the trial. Do not be influenced one way or the other by objections.

If I sustain an objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise during the trial.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between the weight to be given to direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

INSTRUCTION NO. 4

As stated earlier, in deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider the intelligence of the witness; the opportunity the witness had to see or hear the things testified about; the memory, knowledge, education, and experience of the witness; any reasons the witness may have for testifying a certain way; how the witness acted while testifying; whether the witness said something different at another time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence you believe.

INSTRUCTION NO. 5

If any reference by the Court or by the parties to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of the parties.

You are the sole judges of the evidence received in this case.

In weighing the evidence in this case, you have a right to consider the common knowledge possessed by all of you, together with the ordinary experiences and observations in your daily affairs of life.

INSTRUCTION NO. 5A

You have seen records or other evidence that contain redacted information.  You are not to guess or speculate as to what sort of information was redacted.  Further, you should not make assumptions or inferences that prejudice either party simply because information was redacted from certain items of evidence.

INSTRUCTION NO. 6

If you took notes during the trial, your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors.  I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

INSTRUCTION NO. 7

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

INSTRUCTION NO. 8

Your verdict must be for plaintiff and against defendant on plaintiff's claim of discrimination on the basis of gender if all the following elements have been proved:

*First*, the defendant reassigned the plaintiff; and

*Second*, the plaintiff's gender was a motivating factor in the defendant's decision.

If either of the above elements has not been proved, your verdict must be for defendant and you need not proceed further in considering this claim. You may find that the plaintiff's gender was a motivating factor in the defendant's decision if it has been proved that the defendant's stated reasons for its decision are a pretext to hide discrimination on the basis of gender.

## INSTRUCTION NO. 9

As used in these instructions, the plaintiff's gender was a "motivating factor," if the plaintiff's gender played a part or a role in the defendant's decision to reassign the plaintiff. However, the plaintiff's gender need not have been the only reason for the defendant's decision to reassign the plaintiff.

INSTRUCTION NO. 10

You may find that the plaintiff's gender was a motivating factor in the defendant's decision if it has been proved that the defendant's stated reasons for its decision are not the real reason, but are a pretext to hide discrimination on the basis of gender.

INSTRUCTION NO. 11

You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh or unreasonable. An employer has the right to make business decisions – to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge – so long as the business decisions are not based on unlawful sex discrimination.

INSTRUCTION NO. 12

If you find in favor of the plaintiff on her claim of gender discrimination, then you must answer the following question in the verdict form: Has it been proved that the defendant would have reassigned the plaintiff regardless of her gender?

INSTRUCTION NO. 13

If you find in favor of the plaintiff on her claim of discrimination on the basis of gender, and if you answer "no" in response to Instruction No. 12, then you must award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of defendant's decision to reassign the plaintiff, such as emotional pain and suffering, reputational harm, and other nonpecuniary losses.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

INSTRUCTION NO. 14

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But, do not come to a decision simply because other jurors think it is right, or simply to reach a unanimous verdict. Remember you are not for or against any party. You are judges—judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, during your deliberation, including during any recess taken during deliberations, you must not, directly or indirectly, communicated with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the

INSTRUCTION NO. 14 (continued)

same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or parties in this case. This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your vote stands numerically.

*Sixth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdicts should be—that is entirely for you to decide.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RUTH ESPERANCE, | 5:20-CIV-5055 |
| Plaintiff, | |
| vs. | VERDICT |
| THOMAS J. VILSACK, Secretary of Agriculture, U.S. Department of Agriculture, | |
| Defendant. | |

We the jury, duly impaneled in the above-entitled action and sworn to try the issue therein, find the following:

1. On plaintiff Ruth Esperance's claim of discrimination on the basis of her gender, we find in favor of:

_____ Plaintiff, Ruth Esperance       _____ Defendant, Thomas J. Vilsack

**If you found for plaintiff Ruth Esperance, go on to complete No. 2. If you found in favor of defendant Thomas J. Vilsack, skip the remainder of this Verdict Form and have your foreperson sign and date the Verdict Form below because you have completed your deliberations.**

2. Has it been proved that the defendant would have reassigned the plaintiff regardless of her gender?

_____ Yes       _____ No  (Mark an "X" in the appropriate space)

**If you answered "No," go on to complete No. 3. If you answered "Yes," skip the remainder of this Verdict Form and have your foreperson sign and date the Verdict Form below because you have completed your deliberations.**

3. We, the jury, in the above entitled and numbered case, having found in favor of plaintiff Ruth Esperance and against defendant Thomas J. Vilsack, find that Plaintiff is entitled to recover the following damages from Defendant:

$\underline{\hspace{5cm}}$ (stating the amount or, if you find that the plaintiff's damages do not have a monetary value, write in the nominal amount of One Dollar ($1.00))

**Have your foreperson sign and date the Verdict Form below.**

Dated this \_\_\_\_\_ day of September, 2023.

_____

Foreperson