UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RUTH ESPERANCE,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS J. VILSACK, Secretary of Agriculture, U.S. Department of Agriculture,<br><br>    Defendant. | 5:20-cv-05055-LLP<br><br>**DEFENDANT'S EXCEPTIONS TO PLAINTIFF'S BILL OF COSTS** |

    This is a Title VII case filed by Ruth Esperance ("Plaintiff") against Thomas J. Vilsack, Secretary of Agriculture, U.S. Department of Agriculture ("Defendant"). A five-day jury trial was held, which resulted in a verdict in favor of Plaintiff. Doc. 105. On September 26, 2023, the Court entered a Judgment and Order to Administratively Close this case, retaining jurisdiction to consider any post-trial motions. Doc. 110. On October 24, 2023, Plaintiff filed a Petition for Attorney's Fees, Costs and Expenses. Plaintiff's petition sought $12,377.14 in costs incurred in prosecuting and trying this action. Doc. 124; Doc. 125, at pp. 1, 24; Doc. 125-1, at p. 7, ¶34. Plaintiff did not file a bill of costs.[1] Decision by the Court on Plaintiff's Petition for Attorney's Fees, Costs and Expenses is pending.

    On August 30, 2024, Plaintiff filed a ***Supplemental*** Petition for Attorney's Fees, Costs and Expenses and a bill of costs. Doc. 134, 134-1; 134-2; 134-3; 135. Plaintiff's bill of costs seeks taxation of $2,899.82 in costs purportedly incurred since October 24, 2023. Doc. 135, at p. 2 (requesting $2,899.82 in additional expenses to "be added to the attorney fees, costs, and expenses

---

[1] A verified bill of costs must be filed within 28 days after entry of judgement. D.S.D. Civ. LR 54.1(A).

already requested by Plaintiff"); Doc. 136, at ¶7. Defendant has no objection to the taxation of costs by the clerk of court in the amount of $2,899.82 for costs incurred in briefing the post-trial motions[2], and costs incurred in prosecuting and trying this action not previously submitted to the Court for approval. Doc. 135, at p. 2; Doc. 136, at ¶7; Doc. 136-1, at p. 4; Doc. 136-2, at p. 3. Defendant, however, objects to the taxation of costs previously submitted to the Court for approval as part of Plaintiff's *first* Petition for Attorney Fees, Costs and Expenses. As noted above, a decision by the Court on this motion is pending. As a result, taxation of costs by the clerk of court may result in a double recovery. For example, in her *first* Motion for Attorney Fees, Costs and Expenses, Plaintiff requested costs for court filing fees, printing costs, postage, fees for deposition transcripts, and "other costs" (i.e., reimbursement of travel costs for Eric Scott in the amount of $880.40).[3] Doc. 125, at p. 24; 125-1, at pp. 7, ¶34; Doc. 125-1 at pp. 71-73, 78, 83; Doc. 125-6, at pp. 15-16. Plaintiff now seeks taxation of these same costs which were previously submitted to the Court for approval. Doc. 134; Doc. 134-1; Doc. 134-2, at pp. 42, 44, 48, 51-53; Doc. 134-3, at ¶¶2-7; Doc. 135, at pp. 2-3. If the clerk of court taxes these costs and the Court approves these same costs in its decision on Plaintiff's first Motion for Attorney Fees, Costs and Expenses, Plaintiff

---

[2] On September 3, 2024, the Court denied the Defendant's Motion for Judgment as a Matter of Law and Motion for New Trial or Remittitur. Doc. 137. The Court amended the Judgment to conform to the statutory cap of $300,000 for non-pecuniary compensatory damages pursuant to 42 U.S.C. §1981a. Doc. 138.

[3] Defendant objected to The Little Print Shop copying costs in the amount of $866.86. Plaintiff identified 196 exhibits (many several pages in length) but used only 36 exhibits (324 pages) at trial. Plaintiff's counsel stated he did not have time prior to trial to cull his exhibits pursuant to the Court's order on motions in limine and printed four sets of the 196 exhibits. Defendant further objected to costs for PDF Candy (PDF conversion program purchased by Plaintiff), Dropbox subscription, Samzar (subscription for Plaintiff to convert emails to PDF), and $300 charge for Litigation Support Services associated with the depositions of George Ferebee, Mark Van Every and Jerome Krueger. Doc. 126, at pp. 15-16.

will receive a double recovery. Therefore, taxation of costs should be limited to the amount of $2,899.82 for costs incurred in briefing the post-trial motions, and costs not previously submitted to the Court for approval.

Dated this 11th day of September 2024.

ALISON J. RAMSDELL
United States Attorney

 */s/ Michaele S. Hofmann*
Michaele S. Hofmann
Assistant U.S. Attorney
515 Ninth Street, Suite 201
Rapid City, SD 57701
Phone: (605) 342-7822
Fax: (605) 342-1108
Michaele.Hofmann@usdoj.gov
