UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RUTH ESPERANCE,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS J. VILSACK, Secretary of Agriculture, U.S. Department of Agriculture,<br><br>    Defendant. | 5:20-cv-05055-LLP<br><br>**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL PETITION FOR ATTORNEY'S FEES, COSTS AND EXPENSES** |

Defendant, by and through undersigned counsel, offers the following Response to Plaintiff's Supplemental Petition for Attorney's Fees, Costs and Expenses. Doc. 135-136. For the reasons set forth herein, the hourly rate used to calculate the lodestar amount should be the reasonable rate charged by attorneys in South Dakota who litigate employment discrimination cases.

### PROCEDURAL BACKGROUND

This is a Title VII case filed by Ruth Esperance ("Plaintiff") against Thomas J. Vilsack, Secretary of Agriculture, U.S. Department of Agriculture ("Defendant). A five-day jury trial was held in September 2023, which resulted in a verdict in favor of Plaintiff. Doc. 105. The Court entered a Judgment and Order to Administratively Close this case, retaining jurisdiction to consider any post-trial motions. Doc. 110. Plaintiff filed a Petition for Attorney's Fees, Costs and Expenses. Doc. 124-125. Plaintiff's petition sought $399,918.45 in attorney's fees and $12,377.14 in costs for work performed in prosecuting and trying this action. *Id.* Defendant filed a Response to Plaintiff's petition objecting to hours billed, out-of-state counsel's hourly rates, costs not normally billed to a private client, and unreasonable copying costs. Doc. 126-129. Decision by the

Court on Plaintiff's *first* Petition for Attorney's Fees, Costs and Expenses is pending.

Plaintiff filed a *Supplemental* Petition for Attorney's Fees, Costs and Expenses. Doc. 135-36. Plaintiff seeks an additional $47,178.60 in attorney's fees for work performed on post-trial motions by out-of-state counsel Daniel K. Gebhardt. Doc. 135, at pp. 1-2; Doc. 136, at ¶4. The petition also seeks $3,702.75 for work performed on post-trial motions by local counsel. *Id*

## OUT-OF-STATE COUNSEL

A.  **The Hourly Rate Allowed Should Be the Prevailing Rate in the District of South Dakota.**

The appropriate method for calculating reasonable attorney's fees is the lodestar method, which involves multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *see also Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019) ("Federal courts employ the lodestar method, which multiplies the number of hours worked by the prevailing hourly rate, when calculating reasonable attorney's fees." (citation omitted)).

> A district court has "great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar[,]" *Banks v. Slay*, 875 F.3d 876, 882 (8th Cir. 2017) (internal quotation marks omitted), and it may rely on reconstructed time entries to calculate the hours worked if those entries "satisfactorily document [the] time[.]" *MacDissi v. Valmont Indus., Inc.,* 856 F.2d 1054, 1061 (8th Cir. 1988). A district court should exclude "hours that were not 'reasonably expended'" from its calculations, *Hensley*, 461 U.S. at 434 (citation omitted), and may reduce a fee award if a plaintiff does not obtain all the relief she sought. *See id.* at 435-36 (finding that courts can reduce a fee award to account for unsuccessful claims).

*Childress*, 932 F.3d at 1172.

Plaintiff seeks attorney's fees for 65.8 hours worked by Mr. Gebhardt on post-trial motions

at an hourly rate of $717. Doc. 135, at pp. 1-2; Doc. 136, at ¶4; Doc. 136-1. In the District of South Dakota, however, the prevailing market rate for experienced attorneys litigating employment discrimination matters is between $315 and $400 per hour.[1] *See* Doc. 128, at ¶5 (Frankenstein Decl. stating hourly rate for work related to employment discrimination matters is $315); Doc. 129, at ¶5 (Stiles Decl. stating hourly rate for work related to employment discrimination matters is $360); Doc. 125-6, at ¶¶ 9-10 (Goodsell & Oviatt, LLP partner rate is between $300 and $400 per hour).

Plaintiff's attorneys should be compensated within this framework. Defendant respectfully submits that the rate of $717/hour for Mr. Gebhardt's work is unreasonable. Defendant respectfully submits that Mr. Gebhardt be compensated at the rate of $360/hour.

### B. The Court Should Deny Plaintiff's Supplemental Petition for Attorney's Fees, Costs and Expenses.

In this case, there are special circumstances that make the award of attorney's fees unjust. These special circumstances arise from Mr. Gebhardt's and the Plaintiff's disregard of this Court's order excluding reference to and testimony about "other reassignments" by Regional Forester Brian Ferebee. Based on the Declaration of Jamie Barnes, it also appears that Mr. Gebhardt may have intentionally violated the Court's order. Doc. 127, at ¶¶3-8. For a detailed discussion of the special circumstances in this case, *see* Defendant's Response to Plaintiff's Petition for Attorney's

---

[1] Attorney Stephanie Pochop has tried more than 25 civil and criminal jury trials to verdict during her career; all but three were civil jury trials. Her civil trial jury practice experience includes personal injury, fraud, and civil rights cases. She is identified as counsel in 163 cases in the CM/ECF Pacer program. Most of these cases involved Title VII, ADA or ADEA discrimination claims. She is also an experienced appellate lawyer. Her standard billing rate is $400/hour for cases in which the EEOC has issued a right to sue notice without an in-depth case investigation. Her billing rate for employment discrimination cases that were fully investigated by the EEOC is $500/hour. *See*, *Michael J. Curran v. Deb Haaland*, 20-cv-5009-LLP (D.S.D.), Doc. 84, at ¶6.

3

Fees, Costs and Expenses, Doc. 126, at pp. 2-6.

## LOCAL COUNSEL

Local counsel seeks $3,702.75 in attorney's fees and costs. Doc. 135, at pp. 1-2; Doc. 136, at ¶4. Defendant does not object to attorney's fees and costs requested by the Goodsell Oviatt Law Firm.

## CONCLUSION

The Court should therefore reduce Mr. Gebhardt's requested attorney fees accordingly.

Dated this 11th day of September 2024.

ALISON J. RAMSDELL
United States Attorney

 */s/ Michaele S. Hofmann*
Michaele S. Hofmann
Assistant U.S. Attorney
515 Ninth Street, Suite 201
Rapid City, SD 57701
Phone: (605) 342-7822
Fax: (605) 342-1108
Michaele.Hofmann@usdoj.gov
